MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.

---

[No. 5990.   Decided February 24, 1906.]

JAMES SHEEHAN & COMPANY, *Respondent,* v. MAISON BARBERIS, *Appellant.*[1]

NEGLIGENCE—OF COTENANTS IN BUILDING—FLOWAGE OF WATER— EVIDENCE—SUFFICIENCY.   There is sufficient evidence that leakage or seepage causing damage to a defendant on the ground floor of a building was due to the negligence of the occupant of the second story used for the purpose of a restaurant, and was not merely accidental, where there was evidence that water would come down several times a week and sometimes every day for a week or so, and officers of the defendant admitted that many complaints were made continually for two years and that they had the plumber up to fix the pipes, and that something was wrong all the time.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 17, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained by a tenant through the seepage of water.    Affirmed.

*McCafferty & Bell,* for appellant, contended, *inter alia,* that to make the tenant of an upper floor liable for damages from leakage of water pipes it is necessary to allege and prove negligence.   *Bernhard v. Reeves,* 6 Wash. 424, 33 Pac. 873; *Steinweg v. Biel,* 16 Misc. Rep. 47, 37 N. Y. Supp. 678;

1Reported in 84 Pac. 607.

*Terry v. Mayor,* 8 Bosworth 504; *Sutton v. Card,* Weekly Notes 120 (Eng.); *Lane v. Scagle,* 67 Vt. 256, 31 Atl. 289; 3 Farnham, Waters, § 988. The lease had never been assigned to the appellant and consequently it was bound by none of the covenants. 18 Am. & Eng. Ency. Law (2d ed.), 671, 682; *Shannon v. Grindstaff,* 11 Wash. 536, 40 Pac. 123; *Tichborn v. Wier,* 67 Law Times (N. S.) 735; *Goddard v. Keate,* 1 Vern 87; *St. Joseph etc. R. Co. v. St. Louis etc. R. Co.,* 135 Mo. 173, 36 S. W. 602, 33 L. R. A. 607; *Halcy v. Boston Belting Co.,* 140 Mass. 73, 2 N. E. 785; *Brewer v. Dyer,* 7 Cush. 337.

*John Arthur* and *John Frances McLean,* for respondent, contended, among other things, that the turning over of the lease to the corporation upon organization constituted it the lessee. *Wallace v. Scoggins,* 18 Ore. 502, 21 Pac. 558, 17 Am. St. 749; *Chicago Attachment Co. v. Davis Sewing Machine Co.* (Ill.), 25 N. E. 669; *Riker v. Curtis,* 17 Misc. Rep. 134, 39 N. Y. Supp. 340. It is the occupier who is *prima facie* liable to third persons. *Deford v. The State, use of Keyser,* 30 Md. 179, 205; *Murray v. McShane,* 52 Md. 217, 36 Am. Rep. 367; *De Tarr v. Ferd. Heim Brewing Co.,* 62 Kan. 188, 61 Pac. 689; *Clancy v. Byrne,* 56 N. Y. 129, 15 Am. Rep. 391, 394 and note; *Kirby v. Boylston Market Association,* 14 Gray 249, 74 Am. Dec. 682; *Leonard v. Storer,* 115 Mass. 86, 15 Am. Rep. 76; 18 Am. & Eng. Ency. Law (1st ed.), 246. If the owner lets the premises with the nuisance upon it, and the tenant allows it to remain, they are jointly and severally liable for injuries occasioned thereby. *Buesching v. St. Louis Gaslight Co.,* 73 Mo. 219, 39 Am. Rep. 503; Shearman & Redfield, Negligence, § 365; *Kalis v. Shattuck* 69 Cal. 593, 11 Pac. 346, 58 Am. Rep. 568. The landlord is under no obligation to make repairs in the absence of express contract. *Turner v. Townsend,* 42 Neb. 376, 60 N. W. 587; *Kahn v. Love,* 3 Ore. 206; 12 Am. & Eng. Ency. Law (1st ed.), 721, and cases cited.

A tenant of an upper story is liable to a tenant of a lower story for damage caused. *Killion v. Power,* 51 Pa. St. 429, 91 Am. Dec. 127; *Simonton v. Loring,* 68 Me. 164, 28 Am. Rep. 29, 32, note; *Shindelbeck v. Moon,* 32 Ohio St. 264, 30 Am. Rep. 584.

Root, J.—Appellant and respondent occupied portions of the same building, in the city of Seattle. The premises occupied by respondent were on the ground floor, and were used as a saloon, while those occupied by appellant were in the second story of said building immediately above those occupied by respondent, and were used as a restaurant. One Jack Barberis, who was the principal stockholder of appellant, obtained a lease on the entire building for a term of years. Before the matters complained of herein by respondent, said Jack Barberis and certain other parties formed the appellant corporation, the said Barberis putting into said corporation, as payment for his portion of the stock, all of the property he then owned in connection with said restaurant, including the lease aforesaid, the latter, however, not being formally assigned in writing. For a year or more, respondent claims that appellant negligently permitted water to seep through the ceiling and run down into that portion of the building occupied as a saloon, greatly to the damage of respondent's property and business. This action was brought to recover damages therefor. From a judgment in favor of respondent, this appeal is taken.

Appellant maintains that the evidence does not show that the leakage and seepage was due to any negligence on the part of the appellant, and that there is nothing to show that it was other than accidental. One of respondent's witnesses testified as follows:

"Sometimes the water would come down three or four times a week—sometimes twice a week. Once, there, it came down every day for a week or so; then it continuously kept coming down—sometimes in the back part of the room, and

43—41 WASH.

sometimes in front of the bar. So there was times that I couldn't go up to tell Mr. Barberis, and I sent somebody up. . . . It started, I believe, in January, 1903, and continued until 1904; then Mr. Sheehan had the place remodeled, and a new ceiling put in, and everything."

One of the former stockholders and officers of appellant testified as follows:

"Q. These complaints kept coming right along to you? A. Well, they came right along two years—I don't remember—every two or three days or week or two weeks they telephone, would be coming up, because he says the water is running down. Of course, always I can say it is by accident that that water goes down, you see, because we had the plumber over it, to fix it. There was something wrong all the time. The water goes down, you see."

There was considerable other evidence going to the fact and extent of said leakage, seepage and the damage occassioned to respondent thereby. This evidence was amply sufficient to justify the jury in believing that there must have been carelessness or neglect on the part of appellant, and to sustain the verdict. There was sufficient evidence to show that all property rights and interests in and by virtue of the lease which Jack Barberis had received were turned over to appellant corporation. The latter paid the rent, and usually with the checks of the corporation.

Finding no reversible error in the record, it is ordered that the judgment of the trial court be affirmed.

MOUNT, C. J., DUNBAR, HADLEY, FULLERTON, and CROW, JJ., concur.